No. 37,624

J. J. Bouska, as next friend of and for Sophia Bouska, Incompetent, *Appellant,* v. Tony W. Bouska, Executor of the Will and Estate of Anna Bouska, deceased; Tony W. Bouska and George F. Bouska, *Appellees.*

(211 P. 2d 55)

Opinion filed November 12, 1949.

*N. J. Ward,* of Belleville, argued the cause, and was on the briefs of the appellants.

*Fred Swoyer,* of Belleville, argued the cause, and *Charles L. Hunt* and *Frank C. Baldwin,* both of Concordia, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Harvey, C. J.: The appeal here is from an order of the district court sustaining the demurrers of the respective appellees to the fifth amended petition and bill of particulars of the appellant.

The pertinent facts necessary to a determination of the correctness of the ruling of the trial court may be stated as follows: On February 22, 1942, Anna Bouska, a resident of Republic county,

died, leaving a will, which was duly admitted to probate on March 3, 1942, and Tony W. Bouska, a brother of decedent, was named as executor. He duly qualified as such and later filed an inventory of the property of her estate, which was appraised at $18,003.45. On December 4, 1942, Joseph J. Bouska, a brother of the decedent, as next friend of and for Sophia Bouska, a sister, an incompetent person, but not so adjudged and for whom no legal guardian had been appointed, filed in the probate court in the estate of Anna Bouska, a petition in which it was alleged in substance that the property inventoried in Anna's estate was a part of the property that she and Anna owned as joint tenants with the right of survivorship, and that she was entitled to all of it; and further alleged that part of the property constituting the joint estate had been taken possession of by her brother, Tony W. Bouska, and was now claimed as his own, and that another brother, George F. Bouska, was indebted to the joint estate but disclaimed liability; that the amount of the property of the joint estate held by her brothers, or the amount of the indebtedness which they owed was unknown, and asked that they be required to account for all such property and indebtedness, and that the petitioner be decreed the owner of all of it. The court gave notice of a hearing upon this petition to the executor and to Tony W. Bouska and George F. Bouska. On the day set for the hearing the executor demurred on the ground the court was without jurisdiction, and Tony W. and George F. Bouska moved to quash the service of notice upon them upon the ground the court had no jurisdiction of the subject matter of the petition so far as it applied to them individually. The court took those matters under advisement and on April 10, 1943, the court concluded it did not have jurisdiction necessary to a full determination of the questions involved and referred the matter to the district court. Apparently this was done upon the court's own motion and under the authority of G. S. 1947 Supp. 59-2402. No one complained of this order. We shall hereafter refer to the petitioner as plaintiff and to the appellees here as defendants, unless it is necessary to refer to them separately. In the district court the defendants filed a special appearance and motion to quash, whereupon plaintiff filed an amended and supplemental petition on June 5, 1943, and on June 9 the defendants filed a motion for an order requiring plaintiff to separately state and number her causes of action. This motion was sustained and

plaintiff filed an amended petition. To this defendants, on September 2, 1943, filed a motion to make definite and certain and to strike certain portions of the amended petition. This motion was overruled in part and sustained in part and plaintiff was directed to recast her amended petition in harmony with the ruling within twenty days. On December 16, 1943, plaintiff filed a second amended petition. To this defendants, on February 7, 1944, moved to strike certain designated portions of the amended petition and to make it more definite and certain in certain particulars. This motion was sustained in part and overruled in part and plaintiff was given five days to amend and defendants twenty days to plead. Plaintiff filed an amendment to the second amended petition on February 21, 1944, and on March 16, 1944, the defendants demurred thereto upon seven grounds, which they stated. On April 26, 1944, the demurrers were heard and defendants requested the court to construe the bills of sale set up in the second amended petition. The court overruled the demurrers and construed the bills of sale and "holds that the one made by Joseph Bouska and set out in the said second amended petition, does not create a joint tenancy in the wife of the said Joseph Bouska and his daughters, Anna Bouska and Sophia Bouska; also the court holds that the bill of sale set forth in the amendment to the said second amended petition does not create a joint tenancy in Anna Bouska and Sophia Bouska." The ruling of the trial court interpreting these bills of sale was appealed to this court and an opinion written (see *Bouska v. Bouska,* 159 Kan. 276, 153 P. 2d 923) in which the judgment of the trial court construing the bills of sale was affirmed, that being the only question presented to this court. There has been no appeal by the defendants from the order of the court overruling their demurrer to the second amended petition, and because thereof this court expressed the view "that the second amended petition, with the two instruments attached, stated a cause of action for some relief." Perhaps this was not within the purview of the questions submitted to the court, but we pass that thought as being no longer material. Our decision was rendered in December, 1944, and our mandate went down on January 2, 1945. Whereupon the defendants, on February 17, 1945, filed a motion that plaintiff be required to recast her amended petition, to omit all allegations concerning her ownership by reason of being the survivor in joint tenancy, and in other specific particulars.

This motion came on for hearing on April 24, 1945. The pertinent portion of the journal entry reads:

"Thereupon the said defendants present their motion to require the plaintiff to recast his second amended petition and after argument of counsel and consideration of such motion by the court:

"It is ordered by the court that the plaintiff recast said petition and amend the same so as to state in separate causes of action a single definite theory upon which the plaintiff seeks to recover as to each class of property involved.

"It is further ordered that such amended petition include allegations showing the time and manner of the creation of agency and trust relationships, so as to fairly apprise defendants of the nature of such claims; and also as to the repudiation of such claimed trust."

On May 1, 1945, plaintiff filed a third amended petition. Defendants, on May 21, 1945, moved to strike the third amended petition because it was not in compliance with the order the court made and entered on April 14, 1945, in that it did not state in separate causes of action a single definite theory on which the plaintiff sought to recover, and in the alternative if its third amended petition was not stricken for an order directing plaintiff to file an amended petition in compliance with the order of the court of April 14, 1945. On the same date there was filed a motion to require plaintiff to separately state and number and a motion to elect. These motions were heard on June 30, 1945. The court overruled the motion to strike the third amended petition from the files, but found "that the third amended petition does not comply with the order of this court heretofore made on April 14, 1945, and it is by the court ordered that plaintiff file an amended petition, which does comply with such order." On July 26, 1945, the plaintiff filed a fourth amended petition. On August 16, 1945, defendants filed a motion to strike definite portions from the fourth amended petition for reasons stated in the motion, and on the same date filed a separate motion that plaintiff make her fourth amended petition more definite and certain in four specific particulars. On November 27, 1945, plaintiff asked permission to amend the fourth amended petition in certain specific respects. On December 7, 1945, the court allowed plaintiff's written motion to amend her fourth amended petition and consider it as amended, in view of which it was held not to be necessary for the court to pass upon defendants' motion which had been addressed to the fourth amended petition, but defendants were given further time to plead. On January 29, 1946, plaintiff filed her fifth amended petition. To this the defendant filed a motion to make the fifth

amended petition more specific, definite and certain in twenty-three specific particulars, stated in separate paragraphs, and also filed a motion directed against the fifth amended petition as follows:

"1. That the plaintiff be required to recast and file an amended petition setting forth his cause or causes of action in ordinary and concise language as required by the Code of Civil Procedure.

"2. By stating in separate causes of action a single and definite theory upon which the plaintiff seeks to recover as to each class of property involved as required by order of this court on April 14, 1945.

"3. By confining the allegations of such amended petition to such facts as are claimed to establish a cause or causes of action as against only Tony W. Bouska, executor of the Last Will of Anna Bouska, deceased.

"4. By eliminating from said amended petition all allegations, averments and statements, which are claimed to constitute any cause of action against Tony W. Bouska or George F. Bouska as individuals."

These motions came on to be heard April 30, 1946, and were argued by counsel.

"WHEREUPON, the court finds that in addition to the original petition there have been five amended petitions filed in this action, and that the fifth amended petition does not comply with the order made by this court on April 14, 1945; that it does not state the causes of action in ordinary concise language, so required by the Civil Code, and that it is also open to the charge of a confusion of theories in the various causes of action.

"WHEREUPON, the court inquires of counsel for the plaintiff as to his position concerning whether he did plead his causes of action as concisely as he was able to do.

"WHEREUPON, counsel for the plaintiff states that he does not wish to undertake to correct or make any change in the petition and that he is satisfied with the fifth amended petition in its present form. All as appears from transcript on file.

"WHEREUPON, the court for the reasons above stated overrules said motion."

On October 27, 1947, plaintiff filed what she denominated a "Bill of Particulars to Fifth Amended Petition." This was a document covering fifteen pages of the printed abstract, in which plaintiff attempted to enlarge and particularize the allegations of her amended petition in respect to each of the grounds upon which defendants had asked that it be amended. Thereafter Tony W. Bouska, as executor, demurred to the fifth amended petition, "as amended, if amended, by plaintiff's Bill of Particulars" upon seven grounds stated in separate paragraphs, and Tony W. Bouska, as an individual, and George F. Bouska filed separate demurrers upon the same ground. These demurrers were sustained. In doing so the court filed the following memorandum:

"It is with considerable reluctance that I reach the conclusion I do reach upon the demurrers interposed by defendants in this action. The defendants urge the rule expounded in *Grentner v. Fehrenschield,* 64 Kan. 564, and expanded in later cases such as *Sluss v. Brown-Crummer,* 137 Kan. 847, and *Munger v. Beiderwell,* 155 Kan. 187, to the effect that:

"If the petition is not drawn upon a single and definite theory, or there is such a confusion of theories alleged that the court cannot determine from the general scope of the petition upon which of several theories a recovery is sought, it is insufficient.' (*Sluss v. Brown-Crummer,* 847, 1. c. 854.)

"I have never regarded this doctrine with favor, having always felt that it was in a sense, an illegitimate offspring of the nuisance theory. I have always felt that if the court could possibly evolve from the petition a theory upon which a plaintiff might recover, plaintiff ought to be permitted to try it, disregarding any difficulties which the situation might present to a court regarding admission of evidence and the like; in other words, the court should sit for the purpose of hearing the controversies arising in its jurisdiction and not seek excuses or pretense to avoid their determination.

"Sustaining a demurrer upon these grounds, it has always seemed to me to be an admission of inadequacy, something I am reluctant to publicly admit.

"However, in this case, I feel no other course is open. These demurrers are lodged against the fifth amended petition, supplemented with a bill of particulars, which makes a total of seven attempts on the part of the plaintiff to state a cause of action, implemented by sundry motions looking toward that end from defendants. Even the most casual perusal of these various petitions will disclose not only a confusion, but even a complete shifting of theories from one to the other. I will not attempt an analysis to demonstrate this. They speak for themselves.

"There are some other objections urged against plaintiff's right to recover in this action which have been considered, but in view of the conclusion reached on the proposition heretofore discussed, it will not be necessary to examine them further."

We shall not attempt to quote nor summarize and comment upon the various pleadings filed by plaintiff. To do so would extend this opinion unduly without beneficial results to anyone. We have read with care the pleadings, the objections thereto and the rulings of the trial court thereon, and also the briefs of counsel. Notwithstanding our ruling on the former appeal (159 Kan. 276, 153 P. 2d 923), plaintiff has continued to claim under the theory of joint tenancy, commingled with the theory of tenancy in common, interlarded with general allegations as to agency, trusts and undue enrichment, with much prolixity and with the absence of issuable facts. The result is that no cause of action has been stated on any theory when tested by our statute (G. S. 1935, 60-704, *second.*) It seems clear that when diligent, resourceful counsel, over a period of about seven years, earnestly endeavors to state facts constituting

a cause of action upon some ground and is unable to do so, the court is justified in concluding that no such facts exist.

We find no error in the record. The judgment of the trial court is affirmed.