No. 40,111

N. J. WARD, as guardian *ad litem* for Sophia Bouska and Dorothy Mach, *Appellants*, v. TONY W. BOUSKA, Executor of the Last Will and Testament and Estate of Anna Bouska, deceased; TONY W. BOUSKA, GEORGE F. BOUSKA, DORIS W. BOUSKA, JAMES W. BOUSKA, DOLORES J. LEWIS, DONALD E. BOUSKA, JAMES W. BOUSKA as guardian *ad litem* for Jane Sue Bouska; MARY BOUSKA, ARLENE HERTSFELT, JOSEPH JOHNSON BOUSKA, a *minor*; EDRIA BROKESH, and JAMES W. BOUSKA, trustee of Joseph Johnson Bouska, *Appellees*.

(302 P. 2d 994)

Opinion filed November 3, 1956.

*N. J. Ward,* Guardian *ad litem* for Sophia Bouska and Attorney for Dorothy Mach, of Belleville, was on the briefs for the appellant.

*Fred Swoyer,* of Belleville, and *Frank C. Baldwin* and *Dean L. Gibson,* both of Concordia, and *F. R. Lobaugh,* of Washington, were on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, C. J.: This was a proceedings for final accounting of an executor. An answer was filed and the probate court certified the matter to the district court. The district court approved the accounts of the executor, fixed fees and determined the interests of beneficiaries under decedent's will, discharged the executor, appointed a trustee and fixed fees. The guardian *ad litem* for an incompetent beneficiary and one other beneficiary have appealed.

The matter has been here twice before. (See *Bouska v. Bouska,* 159 Kan. 276, 153 P. 2d 923; also *Bouska v. Bouska,* 168 Kan. 94, 211 P. 2d 55.)

The estate is that of Anna Bouska who died testate on February 2, 1942. She left as her heirs an incompetent sister, Sophia, five brothers (George, Charles, Joseph, Luther and Tony) and two nieces (Edria Brokesh and Dorothy Mach). The guardian *ad litem* for Sophia appointed by the court and Dorothy Mach were the objectors to the petition for final accounting and are the appellants here.

Testator in her will left to Sophia the income, rents and profits of all her property for life and provided that such income was to be received by her through the agency of Tony, who was charged with the duty and vested with the authority to manage the estate for her. The will then created a trust fund of $3,000, the income from which was to be used to maintain the family mausoleum. The will then provided that subject to the foregoing trusts and at the death of Sophia all the rest and residue of her property should be divided in five equal shares, one to each of her four brothers and one share equally to Edria Brokesh and Dorothy Mach. Tony was appointed executor.

The estate has been involved in considerable litigation. First, an appeal was taken from the order admitting the will to probate.

Later J. J. Bouska, acting as next friend for Sophia, filed a claim against the estate. The basis of this claim was various business dealings alleged to have taken place between Anna and Sophia, on account of which most of the property apparently in Anna's estate, actually belonged to Sophia. Also on December 16, 1942, Dorothy Mach filed in the probate court a petition for discovery of assets. This petition was later certified to the district court. On December 9, 1952, the trial court sustained a demurrer to the above petition and on the same day sustained a motion to dismiss the appeal from the order admitting the will to probate. The claim filed against the estate by J. J. Bouska and Dorothy Mach has been in this court twice before. (See *Bouska v. Bouska,* supra.) In the opinion in 168 Kansas, page 94, this court reviewed the course of the litigation and held the executor's demurrer to it was properly sustained. We pointed out that the petition, amended petitions, and bill of particulars covered many pages and were brought here "under the theory of joint tenancy, commingled with the theory of tenancy in common, interlarded with general allegations as to agency, trusts and undue enrichment, with much prolixity and with the absence of issuable facts." We held no cause of action was stated under any theory and affirmed the judgment sustaining the demurrer.

In this case by their replies the executor and George F. Bouska stated all the issues raised in the answer could have been determined in the case of *Bouska v. Bouska,* supra, and in fact were adjudicated. There was a pre-trial conference at which the trial court held that all the matters sought to be litigated either were or could have been litigated in the former action. That is one of the actions of which the guardian *ad litem* complains here. He makes the point there was no evidence before the trial court of the pleadings in this and the other cases. There is no doubt but that the trial court at the pre-trial conference had before it all the files in the other two cases and those in this case, just as we have or have had. Indeed no real issue is referred to by counsel for the guardian *ad litem* in this answer that was not adjudicated by one or the other of the former cases. The guardian *ad litem* makes the point that Tony Bouska should be removed as executor on account of claims made against him by the guardian *ad litem*. At the final hearing counsel could offer no evidence whatever to sustain any such claim. Counsel makes the point that since 1942 Tony Bouska had been acting as trustee for Sophia without being appointed trustee. The will bequeathed the use, income, rents and profits of

all testator's property to Sophia for life, such to be paid her from and through the agency of Tony, who was charged with the duty and vested with the authority to manage it for her. A subsequent clause named Tony executor. Since 1942 Tony managed the estate pursuant to the provisions of the will. He has not been appointed trustee for Sophia because since 1942 the estate has been involved in litigation. Suffice it to say on this point that the trial court did in its final journal entry of judgment appoint him trustee of Anna's estate to hold it for the benefit of Sophia.

We have examined the arguments of the guardian *ad litem* as to the allowance of fees to the executor and his attorney and the guardian *ad litem* for Sophia and the guardian *ad litem* for one minor heir. These allowances were sustained by the evidence and we find no error in them.

The judgment of the trial court is affirmed.