**Winifred D. EDWARDS, Plaintiff,**

v.

**The UNITED STATES of America, and
Gus F. Koehler, District Director of
Internal Revenue, Defendants,
and
Donald I. EDWARDS, Third-Party
Defendant.**

**Civ. A. No. W–2405.**

United States District Court
D. Kansas.

Feb. 8, 1963.

Hal Alderman and Edward Wahl, Lyons, Kan., for plaintiff.

Newell A. George, U. S. Atty., Kansas City, Kan., and Robert M. Green, Asst. U. S. Atty., Wichita, Kan., for defendants.

WESLEY E. BROWN, District Judge.

This is an action to quiet title to certain property upon which the United States claims a lien and a counterclaim by the United States against two joint tenants, one of whom is indebted to the United States for taxes and to subject the property of the joint tenants to the tax lien of the United States and to foreclose that lien.

The facts are not in dispute. Donald I. Edwards and Winifred D. Edwards, obtained title to certain real property by separate deeds of conveyance dated July 6, 1946, May 1, 1947, and December 28, 1949. The title was obtained in the name of Winifred D. Edwards and her husband, Donald I. Edwards, as joint tenants with the right of survivorship and not as tenants in common. Certain personal property was also acquired by the Edwards on November 15, 1956, on October 10, 1957, on May 1, 1955, on March 1, 1952, on February 1, 1953, and on February 21, 1958, as joint tenants with the right of survivorship and not as ten-

ants in common. The Edwards also had accumulated property on March 28, 1955, as trustees for Donna D. Edwards, which was set over to the wife presumably as trustee.

Donald I. Edwards had been assessed for failure to pay income taxes in the years 1945 to 1956 inclusive, a sum of $57,448.65. January 15, 1960, the United States caused to be filed in the Office of the Register of Deeds of Rice County, Kansas, its tax claim and lien. The husband, Donald, filed suit for divorce against the wife, Winifred, in Rice County, Kansas, and the District Court, (by its order of February, 1961) determined that the divorce should be denied but the wife should be and was granted separate maintenance, custody of a minor child, and also the court set over to the wife the property here in controversy. The court order provides in part:

"The Court finds that the common property of the parties hereto should be divided in manner as follows, to-wit: Unto the defendant, Winifred D. Edwards, the following property * * *."

The court also ordered and decreed that the parties should execute and deliver instruments to transfer or assign the property and then provided, "This order and decree shall effectively vest the title to said real estate in and to the party to whom it was set apart by this order."

The pre-trial order provides that the following are the issues of law to be determined by the court:

"9(a)  Can the income tax lien of the United States of America solely against Donald I. Edwards, the husband of the plaintiff, Winifred D. Edwards, attach or be levied and enforced against real and personal property owned by the plaintiff and her husband as joint tenants with the right of survivorship?

"9(b)  Did the order of the Rice County, Kansas District Court in Case No. 9448, by setting apart to Winifred D. Edwards, the designated portion of the joint property, real and personal, terminate the joint tenancy between plaintiff and her husband and create in the plaintiff separate property rights therein, not subject to the debts of the husband, Donald I. Edwards?"

The plaintiff's contention may be summarized briefly as follows: The property of the plaintiff and her husband is property held in joint tenancy and is therefore not subject to the tax lien of the United States. The position of the United States is that its tax liens attached to the interest of Donald I. Edwards in the real and personal property held in joint tenancy with the plaintiff. We should point out first that liens for federal taxes and the manner of their enforcement is controlled by federal law. The rules and incidence fixing the ownership of property are determined by state law.[1]

The estate created in Kansas where the property is conveyed to two people in joint tenancy with the right of survivorship and not as tenants in common, creates a joint tenancy in the parties. This is a contractual relationship. The Supreme Court of Kansas has held,

"The statute, R.S. 22–132, which abolished joint tenancy and survivorship as they existed at common law, does not render unlawful a contractual arrangement which confers and defines equivalent legal rights and obligations among the parties concerned." [2]

The Kansas statute concerning joint tenancies in effect when the property here involved was transferred was as follows:

"Tenancy in common unless joint tenancy intended, when; exception.

1.  Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239; Folsom v. United States, 306 F.2d 361 (CA 5, 1962).

2.  Malone v. Sullivan, 136 Kan. 193, 14 P. 2d 647, 85 A.L.R. 275 (1932); Withers v. Barnes, 95 Kan. 798, 801, 802, 149 P. 691 (1915).

Real or personal property granted or devised to two or more persons including a grant or devise to a husband and wife shall create in them a tenancy in common with respect to such property unless the language used in such grant or devise makes it clear that a joint tenancy was intended to be created: *Except, That* a grant or devise to executors or trustees, as such, shall create in them a joint tenancy unless the grant or devise expressly declares otherwise." [3]

The Kansas Statute now in effect with respect to real or personal property granted or devised provides as follows:

"Tenancy in common unless joint tenancy intended, when; exception; joint tenancy provisions. Real or personal property granted or devised to two or more persons including a grant or devise to a husband and wife shall create in them a tenancy in common with respect to such property unless the language used in such grant or devise makes it clear that a joint tenancy was intended to be created: *Except, That* a grant or devise to executors or trustees, as such, shall create in them a joint tenancy unless the grant or devise expressly declares otherwise. Where joint tenancy is intended as above provided it may be created by: (a) Transfer to persons as joint tenants from an owner or a joint owner to himself and one or more persons as joint tenants; (b) from tenants in common to themselves as joint tenants; or (c) by coparceners in voluntary partition to themselves as joint tenant (sic). Where a deed, transfer or conveyance grants an estate in joint tenancy in the granting clause thereof and such deed, transfer, or conveyance has a habendum clause inconsistent therewith, the granting clause shall control. When a joint tenant dies, a certified copy of letters testamentary or of administration, or where the estate is not probated or administered a certificate establishing such death issued by the proper federal, state or local official authorized to issue such certificate, or an affidavit of death from some responsible person who knows the facts, shall constitute prima facie evidence of such death and in cases where real property is involved such certificate or affidavit shall be recorded in the office of the register of deeds in the county where the land is situated. *The provisions of this act shall apply to all estates in joint tenancy in either real or personal property heretofore or hereafter created and nothing herein contained shall prevent execution, levy and sale of the interest of a judgment debtor in such estates and such sale shall constitute a severance."* [4] (Emphasis supplied)

The foregoing statute was adopted in 1955 particularly with respect to the provisions underlined. The previous statutes and the statue in effect at the time of the conveyances in question did not have this provision.

The applicable federal statutes upon which the United States relies are as follows:

Internal Revenue Code of 1954: "§ 6321. Lien for taxes. If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." (26 U.S.C. 1958 ed., Sec. 6321).

"§ 6322. Period of lien. Unless another date is specifically fixed by law, the lien imposed by Section 6321

---

**3.** G.S.1949, 58-501.

**4.** G.S.1961 Supp. 58-501.

shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed is satisfied or becomes unenforceable by reason of lapse of time. (26 U.S.C. 1958 ed., Sec. 6322)."

The government also relies on the Kansas statute which provides,

"Lands, tenements, goods and chattels, not exempt by law, shall be subject to the payment of debts, and shall be liable to be taken on execution and sold as hereinafter provided." [5]

The foregoing statute was in effect during all times material to the facts in this case.

We do not wish to belabor the point as to whether or not joint tenancies in Kansas may be established. The interesting and sometimes amusing legal situations which have arisen by virtue of the estates so created may be reviewed by those who are interested.[6]

Suffice, it is to say, that joint tenancies, as hereinafter defined may be created contractually in both real and personal property.[7]

The Supreme Court of Kansas has apparently adopted the definition of joint tenancy as set forth in Bartlett's Kansas Probate Law and Practice, Section 406. That definition of joint tenancy is:

"A joint tenancy exists where a single estate in property, real or personal, is owned by two or more persons, under one instrument or act of the parties. The grand incident of joint tenancy is survivorship, by which the entire tenancy on the decease of any joint tenant remains to the survivors, and at length to the last survivor." [8]

It is obvious that if the parties can create an estate in themselves by contract it can be terminated by their contract.[9]

It is also a well established principle of law that contracts are made subject to the laws which exist at the time the contract is made.[10]

The question is whether the legislature, when it abolished joint tenancy and tenancies in the entirety under the common law and established joint tenancies as statutory law, intended to place beyond the reach of the creditors of one joint tenant the property so held. This question has not, in our opinion, been judicially determined in Kansas.

We can not conclude that at the times material to the issues involved in this case that the legislature intended to permit parties to create an estate in land which would permit them to escape the payment of taxes and contractually to place their property beyond the reach of creditors and still retain the incidence of survivorship and ownership in the property.

Thus, when the statute permitting joint tenancies was first adopted it did not repeal, in our opinion, G.S. 60-3403 supra. We are also of the opinion that the term, "exempt by law" in G.S. 60-3403 supra did not confer an exemption to those holding their property in joint tenancy, or a right to place such property beyond the reach of their creditors for the payment of lawful taxes. Instead, it is our opinion, that the term "exempt by law" referred to specific statutory

5. G.S.1949, 60-3403. See also G.S.1961 Supp. 60-3403.

6. See Scott The Married Man Who Wants A Fool Proof Survivorship Deed in Kansas, 22 JBK 128; Sommers Procedure for Termination of Life Estates and Estates in Joint Tenancy, 26 Kansas Judicial Council Bulletin, 78, December 1952.

7. Bouska v. Bouska, 159 Kan. 276, 279, 153 P.2d 923 (1944).

8. Bouska v. Bouska, supra.

9. Beard v. Achenbach Memorial Hospital Ass'n, 10 Cir., 170 F.2d 859.

10. Rankin v. Ware, 88 Kan. 23, 127 P 531.

**386**

exemptions. We are reinforced in this view by the fact that the legislature in its 1955 amendment to G.S. 58–501 supra provided that the section would not prevent execution levy and sale of the interest of a judgment debtor in such estate. In addition, the Supreme Court in its acceptance of Bartlett's definition of joint tenancy held that its "grand incidence * * * is survivorship". We are further of the opinion that if an estate can be created by contract that in addition the parties who create the estate can by contract mortgage their interest therein or subject it to a valid lien and this is exactly what Donald I. Edwards did when he failed to pay his taxes to the United States as required by law. If the lien was created as we hold, then the order of the state court investing title to the jointly held property in the plaintiff alone did so subject to the liens created in favor of the United States.

It might be pointed out also that if the contractual relationship of a joint tenant was created by contract it has been severed by the action of the state court investing the title to the property in the plaintiff. But when it did terminate the joint tenancy, as we have heretofore pointed out, it did so subject to the lien of the United States.[11]

Finally, we conclude, that the government has a valid lien against the interest of Donald I. Edwards in the property under consideration; except the property held in trust; that the interest of Donald I. Edwards was an undivided one-half interest in such property; that the government's lien may be foreclosed in these proceedings by a judicial sale of such interest in the property presently held by the plaintiff, to satisfy to the extent allowable, its lien. That the government shall bear the cost and expense of said sale and distribute the surplus, if any, of all proceeds received to the plaintiff.

We are of the opinion that we do not have jurisdiction of the person of the defendant, Donald I. Edwards, and therefore judgment can be rendered against him only *in rem* and not *in personam.*

Plaintiff has asked for a decree quieting her title to all the property listed in her petition. This the court cannot do, however, the court does, subject to the Government's rights set forth above, quiet her title as against the United States to an undivided one-half interest in all the jointly held property described in the petition, and as to all the property held in trust.

Government counsel will prepare and submit an appropriate order in accordance with the foregoing memorandum.

---

11. See United States v. Bess, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135; State of Michigan v. United States, 317 U.S. 338, 63 S.Ct. 302, 87 L.Ed. 312.