WILLIAM H. PEASE *vs.* INHABITANTS OF WHITMAN.

Plymouth.  October 21, 1902. — January 5, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, & BARKER, JJ.

*Husband and Wife.  Joint Tenancy and Tenancy in Common.*

Before the enactment of St. 1885, c. 237, a conveyance of real estate to a husband and wife gave the wife the right to the whole estate if she survived her husband, and he could not bar this right by his deed.

TORT for flowing the plaintiff's land.  Writ dated November 20, 1900.

The case was tried in the Superior Court before *Hardy,* J. The defendant claimed the right to flow the land under the deed of one Patrick Luddy, dated November 2, 1886, when the title to the land stood in the names of Patrick Luddy and of his wife, who did not join in the deed.  The land had been conveyed by one Faxon on October 18, 1883, to Patrick Luddy and Katherine Luddy his wife.  After the death of Patrick his widow Katherine conveyed the premises to the plaintiff.

The judge refused to give the rulings requested by the defendant.  The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*C. H. Edson,* for the defendant.

*W. J. Coughlan & D. R. Coughlan,* for the plaintiff.

KNOWLTON, C. J.  The only question in this case is whether a conveyance of real estate to a husband and wife, prior to the St. 1885, c. 237, gave a title to the husband which he alone could alienate in his lifetime, by a deed which would bar the right of his wife, in the property, as his survivor after his death. The question is answered by decisions of this court.  In *Pray* v. *Stebbins,* 141 Mass. 219, 221 the court says, " At common law, both husband and wife were seised of the estate thus granted *per tout et non per my* as one person, and not as joint tenants or tenants in common.  There could be no severance of such an estate by the act of either, and no partition of the land during their joint lives, and the survivor became sole seised of the entirety of the estate.  *Pierce* v. *Chace,* 108 Mass. 254.

*Wales* v. *Coffin*, 13 Allen, 213. This tenancy by entireties is essentially a joint tenancy, modified by the common law doctrine that husband and wife are one person, and was not changed by our statutes enacting that ' conveyances and devises of lands made to two or more persons shall be construed to create estates in common and not in joint tenancy, unless,' etc., because, among other reasons, the statute expressly excepts conveyances and devises to husband and wife. . . . This exception was repealed, and conveyances to husband and wife declared to create estates in common, by the St. of 1885, c. 237." This statement of the law completely covers the case at bar. See also *Donahue* v. *Hubbard*, 154 Mass. 537, 538. *Phelps* v. *Simons*, 159 Mass. 415, 417.

The St. 1885, c. 237, (R. L. c. 134, § 6,) cannot affect this case, because the rights of the wife became vested under the deed of October 18, 1883, before the statute was enacted.

*Judgment on the verdict.*·