J. E. Holmes *et al.* v. Charles E. Holmes *et al.*

No. 13,902. (79 Pac. 163.)

Error from Franklin district court; Charles A. Smart, judge. Opinion filed January 7, 1905. Affirmed.

*Benson & Harris*, for plaintiffs in error.

*Gamble & Costigan*, and *William H. Clark*, for defendants in error.

*Per Curiam:* In 1876 a tract of land was conveyed to George C. Holmes and Susan M. Holmes, who were then husband and wife. In 1896, after the act abolishing survivorship had been passed, Susan M Holmes died, leaving George C. Holmes surviving her, and the question has arisen whether the heirs of Susan M. Holmes inherited any interest in the land.

It is well settled that until the passage of the act abolishing survivorship estates in entirety, as recognized at the common law, existed in Kansas. (*Baker v. Stewart*, 40 Kan. 442, 19 Pac. 904, 2 L. R. A. 434, 10 Am. St. Rep. 213; *Shinn v. Shinn*, 42 id. 1, 21 Pac. 813, 4 L. R. A. 224; *Simons v. McLain*, 51 id. 153, 32 Pac. 919.) The doctrine of these cases is that by virtue of the purchase and conveyance each was seized with an indivisible entirety, each took a present vested estate, and, as each owned the whole, upon the death of one the survivor necessarily retained the exclusive title to the land. Nothing descended to the surviving husband, nor did he acquire any new title or estate by the death of his wife. He took the whole estate by the original conveyance, and, having outlived his wife, continued to hold the entire estate. The husband and wife each held a present vested estate which could not, of course, be devested by an act of the legislature, and hence the title of George C. Holmes, the surviving husband, was not affected by chapter 203 of the Laws of 1891, the act

abolishing survivorship. (*Zorntlein v. Bram*, 100 N. Y. 12, 2 N. E. 38; *Elliott v. Nichols*, 67 Ky. 502; *Pease v. Whitman*, 182 Mass. 363, 65 N. E. 795; *Stilphen v. Stilphen*, 65 N. H. 126, 23 Atl. 79; *Myers v. Reed*, 17 Fed. [C. C.] 401.)

Language was used in the opinion in *Stewart v. Thomas*, 64 Kan. 511, 68 Pac. 70, with reference to the nature of the estate in entirety which has created some doubt as to the position of the court on the subject, but there was no intention to overrule or modify the former cases as to the existence or character of estates in entirety. The only question decided in that case, as the syllabus of the opinion. shows, was that the title of the act of 1891 abolishing survivorship is sufficiently comprehensive to include estates in entirety. In this case the district court held that estates in entirety existed in Kansas prior to the act of 1891, and that such estates when vested could not be devested by subsequent legislation. Its judgment is affirmed.