ALTHEA E. BEST *et al.* v. H. T. TATUM.

No. 15,540.   (96 Pac. 140.)

JOINT TENANCY — *Survivorship* — *Abolition* — *Law Not Retrospective.* The act of 1891 abolishing the right of survivorship did not affect joint tenants who became such prior to the passage of the act.

Error from Lincoln district court; ROLLIN R. REES, judge. Opinion filed May 9, 1908. Affirmed.

*John J. McCurdy, George D. Abel,* and *David Ritchie,* for plaintiffs in error.

*F. T. Burnham, G. W. Dashiell,* and *M. E. Michaelson,* for defendant in error.

*Per Curiam:* Several persons acquired and held a tract of land as joint tenants. A number of them died, and no severance of the estate was made during their lifetime. A contention has arisen between the heirs of the deceased tenants and the survivor as to the ownership of the land. Under the conveyance each joint tenant held one and the same interest, and upon the death of one the entire estate vested in the survivors. An act abolishing joint tenancy was enacted in 1891 (Laws 1891, ch. 203), after the estate in question had vested, but it only had prospective operation. The rights of the joint tenants became vested under the deed of conveyance, and subsequent legislation did not apply to estates previously created nor deprive any joint tenant of the right of survivorship. It has been held here that the act did not affect vested estates, and the district court rightly held that the title of the land was in the survivor. (*Simons v. McLain,* 51 Kan. 153, 32 Pac. 919; *Holmes v. Holmes,* 70 Kan. 892, 79 Pac. 163.)

The judgment is affirmed.