No. 37,740

C. A. Magaw, Administrator of the Estate of Dana C. MacVicar, Deceased, *Appellee*, v. R. E. Emick, *Appellant.*

(207 P. 2d 488)

Opinion filed June 11, 1949.

W. *Glenn Hamilton,* of Topeka, argued the cause, and *F. A. Sloan* and *Eldon Sloan,* both of Topeka, were with him on the briefs for the appellant.

*M. F. Cosgrove,* of Topeka, argued the cause, and *Clayton E. Kline, Balfour S. Jeffrey* and *Robert E. Russell,* all of Topeka, were with him on the briefs for the appellee.

*Tinkham Veale, Irwin Snattinger, Lester M. Goodell, Margaret McGurnaghan, Frederick A. Mann* and *George M. Brewster,* all of Topeka, as *amici curiae.*

The opinion of the court was delivered by

THIELE, J.: This appeal arises from an action in the nature of one for a declaratory judgment, the purpose being to determine title to real estate.

In the petition the facts necessary for consideration are fully set forth, and for present purposes are as follows:

Dana C. MacVicar, a resident of Shawnee county, died intestate in June, 1947, leaving personal property of the value of about $38,-500 and real property of the value of about $168,500. The probate court of Shawnee county appointed C. A. Magaw as administrator of the MacVicar estate and he duly qualified and acted as such. On August 11, 1948, the administrator filed his petition in the probate court for authority to sell all of the real estate belonging to the estate. Hearing of said petition was duly set and an order for notice by publication was made, and such notice was given. On the day fixed none of the heirs and no other person appeared in opposition, and upon hearing an order was made that the administrator sell the real estate at private sale. In pursuance of that order the administrator contracted to sell one of the six tracts of real estate owned by the estate to the defendant R. E. Emick for the sum of $22,000 of which $500 was presently paid, the balance to be due when an administrator's deed conveying merchantable title was delivered. Report of this sale was made to the probate court and the sale was confirmed. Thereafter an abstract of title was furnished to Emick who refused performance, contending the order of the probate court for the sale of the real estate was without authority in law. The administrator contended the jurisdiction of the probate court was properly invoked and that the order of sale of real estate made being unappealed from was a binding adjudication and not subject to collateral attack. Attached to the petition were copies of the proceedings in the probate court, which show the following:

The petition of the administrator for authority to sell real estate disclosed that the decedent owned six tracts of real estate located in Topeka, and from the descriptions thereof it was apparent that each tract was distinct, separate and apart from the other five. The application then stated:

"That the proceeds from the sale of the personal property will not be sufficient to pay reasonable funeral expenses, expenses of last illness, wages of servants during last illness, cost of administration, Federal estate tax and state inheritance tax; *that a sale of a part of the above described real estate is necessary for the purpose of payment of the above listed expenses, and by such sale, the residue thereof would suffer manifest injury;* for the following reasons: Such residue would be assigned to 58 heirs of the above named deceased who survived, none of whom is closer in relationship than first cousin, none of whom resides in Shawnee County, Kansas, but all of whom are, as shown by the files in this case, scattered through various parts of the world; that all of the heirs have expressed a desire that all of the property be sold and that the proceeds, after payment of debts, cost of administration, Federal estate tax and state inheritance tax, be distributed in the manner provided by law.

"If the residue be assigned to the heirs, then in order to effect a sale of the property all will have to agree upon a selling price, and in the event they fail to so agree, a sale in a partition suit will be the only manner in which a sale can be effected. In the event all agree upon a selling price, ancillary proceedings in the Probate Court of Shawnee County, Kansas, will be necessary in the estates of all heirs who may die before a sale is consummated; two heirs, Charles R. Watson, 801 Land Title Building, Philadelphia, Pennsylvania, a cousin, and Elizabeth McGill Kent, Portland, Oregon, a cousin, have already died and many of the others are well advanced in years. It will also be necessary that guardianship proceedings be had in the matter of the estates of three of the heirs—Arthur Jones, Sterling Jones and Judith Jones, all of Waukesha, Wisconsin—who are minors. A sale of the whole of the above described real estate by your Administrator, rather than a sale of a part and assignment of the residue to the heirs, will avoid a multiplicity of suits, will reduce the expense in connection with the sale and expedite the time in which proceeds from the sale may be distributed to the heirs; *that necessity and the interests of the Estate require the sale of the whole of the above described real estate."* (Emphasis supplied.)

The prayer was for an order authorizing and directing sale of the above real estate at private sale.

The order of the probate court recited that notice of hearing had been duly given as provided by law and the order of the court, and that the court after hearing the evidence and being advised in the premises found the allegations had been proved in particulars substantially as are included in the allegations quoted above, and that the six tracts of real estate should be sold at private sale. In a negative way it is noted that the order contains no provision for any precedence in order of sale, or that only enough real estate be sold to pay the reasonable funeral expenses, expenses of last sickness, costs of administration, taxes and debts chargeable against the decedent's estate.

It is not necessary that we review the contract between the administrator and Emick for the sale of the real estate, the report of the sale to the probate court by the administrator, nor the confirmation of the sale by the probate court.

The answer admitted the facts pleaded, denied that a merchantable title had been tendered and in effect alleged that the order of sale made by the probate court was void for want of authority.

The parties stipulated that in the pleadings all facts are set forth necessary for a determination of the questions of law involved.

In its journal entry of judgment the district court stated the issue arose out of G. S. 1947 Supp. 59-301, 59-1410, 59-1412 and 59-2303, which it.reviewed in manner similar to that contended for by the appellee as hereafter discussed, and it concluded that under the statutes there was no specific prohibition against the sale of all of the real estate of a decedent if a sale of a part was necessary to pay debts; that the probate court had power and authority to determine the fact as to whether a sale of a part of the real estate would result in manifest injury to the balance as permitted under 59-1412, and that, having the power to determine the fact, it had power to make an order to sell all of the real estate if such an order was within the terms of the petition; that the probate court had the power to make the order of sale under consideration, and those having the right to object to the order as made must do so by appeal; that the time for appeal had expired and the order had become final and could not be attacked collaterally by the defendant in the proceeding under review; that the title tendered by the administrator was merchantable upon the issues raised by the pleadings and that plaintiff should have judgment against the defendant. In due time the defendant appealed.

We first notice appellee's argument in support of the trial court's judgment, which, we note, is consonant with the review made by the trial court in the journal entry of judgment, and which, in general, he presents under two heads: (1) That the probate court had jurisdiction, and (2) that no appeal having been taken, the order of sale made by the probate court was final and conclusive and not subject to collateral attack.

With respect to the second proposition, appellee directs our attention to sections of the probate code dealing with appeals to the district court and certain decisions treating of the necessity of ap-

peals and the finality of orders unappealed from, but we shall not review any of them, for we think it may be conceded that if the probate court, acting in the field of its jurisdiction, makes an order which it has power and competence to make within the powers conferred upon it, its judgment may be reviewed only on appeal, and may not be collaterally attacked.

The gist of appellee's argument under the first proposition is that under the probate code, probate courts have original jurisdiction to direct and control the official acts of administrators, to settle their accounts and to order distribution of estates, to determine the heirs, devisees and legatees of decedents and that such courts shall have and exercise such equitable powers as may be necessary and proper to hear and determine any matter properly before such court (59-301 [3], [5], [12]); that it is provided under 59-1410 that an administrator may sell real estate of a decedent whenever the sale is necessary for the payment of reasonable funeral expenses, expenses of last sickness, wages of servants during the last sickness, costs of administration, taxes, debts or legacies charged upon the real estate, and under 59-1412:

"Whenever a sale of some part of the real estate is necessary and by such sale the residue thereof would suffer manifest injury, the sale may be of the whole or such part thereof as necessity and the interests of the estate require."

Our attention is also directed to 59-2303 and 59-2304 providing the procedure to be followed in selling real estate for the purposes above noted, as well as to *Erwin v. Erwin,* 153 Kan. 703, 113 P. 2d 349; *Foss v. Wiles,* 155 Kan. 262, 124 P. 2d 438; *Burns v. Drake,* 157 Kan. 367, 139 P. 2d 386; and certain cases referred to therein treating of the jurisdiction of the probate court and the equitable powers of it.

All of the foregoing leads to appellee's contention that the probate court had jurisdiction of the subject matter which was the sale of the real estate, that it had jurisdiction over the heirs who were the parties involved and that it was for the probate court to decide what property should be sold, and that having all of the pertinent facts before it, considering the large number of heirs, the possibility of a multiplicity of suits if all the property was not sold by the administrator, as well as other matters (not set forth in his argument) which the court had a right to consider in the exercise of its equity powers, it had the right to decide that necessity and the best interests of the estate, including those interested in it, required the sale

of the whole property, and that the heirs, who were the only parties interested, were obviously satisfied with the decision as they did not appeal.

The appellant's contentions as to why the probate court did not have jurisdiction to make the order of sale need not be separately set forth as they are included and considered in what is later said.

In a preliminary way we note that it is provided in the probate code that where a resident of this state dies intestate, that subject to homestead rights and certain allowances not here applicable and to the payment of reasonable funeral expenses, expenses of last sickness and costs of administration, taxes and debts, his property passes by intestate successsion (59-502) and to those persons and in the shares provided in 59-504 to 59-508, both inclusive. While the administrator has a right of possession until the estate is settled or until delivered by order of court to the heirs (59-1401), under the first section mentioned, the property passes to the heirs, subject only to be taken in a statutory manner for statutory purposes. Insofar as an administrator is concerned the only statute authorizing him to sell real estate is 59-1410 and under it he may sell real estate only for the purposes of paying reasonable funeral expenses, expenses of last sickness, wages of servants during the last sickness, costs of administration, taxes or debts. It will be observed that an administrator may sell real estate only for the purposes to which the statute declares the heir's interest is subject. Under one condition the administrator may sell more of the heir's real estate than is necessary to accomplish the above purposes and that is provided under 59-1412, quoted above, and on which appellee places great reliance, and which provides for sale of more than is actually necessary to pay the above charges when by such sale the residue would suffer manifest injury. What construction shall be placed on this statutory power of the probate court? It is observed that under 59-1405 it is provided that (all of) the property of a decedent, except the homestead and allowances to a surviving spouse, shall be liable for the payment of his debts and other lawful demands against his estate, and unless otherwise provided by a will shall be applied in a stated order. Insofar as an intestate estate is concerned, personal property is first appropriated to the statutory purpose and it is especially noted that under 59-1407 personal property may be sold (1) whenever necessary for the payment of debts and other items; (2) when a division thereof cannot be made in kind to those

entitled thereto; or (3) when the sale is to the best interest of the estate. No such language as is included in (2) and (3) just noted nor anything equivalent thereto may be found in 59-1410 or 59-1412 or other sections of the code dealing with sale by the administrator of the real estate and it would be unwarranted for this court, under the guise of construing the statutes, to write such conditions into the provision for the sale of real estate. Stated in another way, the probate court may not order the sale of any real estate because division thereof may not be made in kind, nor because sale thereof might be for the best interests of the estate. The situation thus disclosed is that the probate court has jurisdiction to first sell the personal property for the purpose of meeting the allowable statutory charges against the estate and if the proceeds thereof be not sufficient to pay those charges to then sell sufficient real estate and no more for that purpose. It is recognized that the sale of a tract of real estate may produce some excess proceeds and it is provided by 59-1410 that such portion of the proceeds of sale shall be distributed to the same persons and in the same shares as if it had remained real estate —a matter of importance where devised real estate is being sold, but mentioned here only to point out the statutory provision.

In 59-1412 another situation is recognized. Sale of real estate for the purpose of paying the statutory charges is necesary, but the sale of a single tract will produce more than is necessary. The sale of a portion thereof, however, will produce manifest injury to the portion not sold. In such case sale may be had of the whole tract. It is quite evident the purpose is to prevent injury to the heirs by harm to that part otherwise going to them and not necessary for the payment of the statutory charges. In our opinion, it was not intended by the last mentioned section to authorize an order of sale of the whole of a decedent's real estate merely because some part of it was subject to sale to raise funds to pay statutory charges. The power of the probate court to make an order of sale of real estate went no further than to sell only what was necessary to pay statutory charges against it, and any order made to sell other and separate tracts not necessary for that purpose was beyond the jurisdiction and power of the court and was void.

Taking up the order of sale under consideration, as well as the language of the petition on which it was based, it is apparent that the sale of all six tracts of real estate was unnecessary to raise funds to pay the statutory charges, that the sale of some one or more of

the tracts was beyond the court's power, and that the order was therefore viod. It is also apparent the order cannot be otherwise justified for it appears that the sale of any one of the six distinct tracts of real estate could not result in manifest injury to any of the other tracts. It is also apparent that the allegations as to the number of heirs and their difficulties in selling their inheritance present nothing for the consideration of the court under the guise of the exercise of equitable powers. Such equitable powers as the probate court possesses are only to be exercised in hearing and determining any matter properly before the court and in which it has jurisdiction to act. See *In re Estate of Hoover*, 156 Kan. 31, 131 P. 2d 917. It is not necessary that we discuss the sufficiency of the allegations, treated as facts, to constitute any ground for interposition of any equitable powers.

Our conclusion is that the order of sale under consideration was beyond the power and jurisdiction of the probate court and therefore null and void, and that being so, the defendant could properly raise the question in the district court; that the district court erred in rendering judgment in favor of the plaintiff and its judgment should be reversed and the cause remanded with instructions to enter judgment for the defendant, and it is so ordered.