No. 41,706

JAMES RIGGS, *Appellee,* v. W. M. SNELL, *Appellant.* (Dianna Riggs; Robert M. Doll; E. E. Giles; Edward E. Giles; Harold F. Young; and, if any of the above named defendants is deceased, the respective unknown heirs, executors, administrators, devisees, trustees, creditors and assigns thereof; and the unknown heirs, executors, administrators, devisees, trustees, creditors and assigns of Georgia Elma Snell, deceased, *Appellees.*)

(352 P. 2d 1056)

Opinion denying motion for rehearing filed June 11, 1960.

*John A. Etling* and *W. N. Beezley,* both of Kinsley, were on the brief for the appellant.

*Russell L. Strobel* and *Roscoe E. Peterson,* both of Larned, were on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: Subsequent to our decision in this case on March 5, 1960, which affirmed the judgment of the trial court, counsel for

the appellant filed a motion in which they earnestly urge and request the court to grant a rehearing. Members of the bar association of Lyon county, upon their request, were granted permission to file a brief *amici curiae* in support of the motion for rehearing, and they vigorously contend that our decision will bring about "serious doubts and dire results" with respect to real-estate titles throughout the state.

Both briefs in support of the motion for rehearing mention the fact that our opinion in this case did not refer to *Withers v. Barnes,* 95 Kan. 798, 149 Pac. 691, Ann. Cas. 1917B 55, which is generally recognized to be a landmark case on the subject of joint tenancy under the law then in effect. We concede that reference to the case perhaps should have been made.

At the time of the Withers case the governing statute was § 1, Ch. 203, Laws of 1891 (later found as G. S. 1935, 22-132), and it was held the statute merely abolished joint tenancies and the doctrine of survivorship as they existed at common law, but did not undertake to forbid joint tenancies and survivorship by negotiation or contract of the parties concerned. (See also *Malone v. Sullivan,* 136 Kan. 193, 196, 14 P. 2d 647, 85 A. L. R. 275, and *Bouska v. Bouska,* 159 Kan. 276, 279, 153 P. 2d 923.) Considering the statute in force at that time and the facts as disclosed by the opinion, we have no fault to find with the holding in the Withers case, and our decision in the instant case was in no way intended to "water down or dilute" the holding in that case.

In 1939, as a part of the new property act, the legislature enacted what now appears as G. S. 1949, 58-501, and which is set out in full at page 358 of our opinion in this case. As there stated, the provisions of this later statute leave no doubt of the fact that presumptions are almost wholly in favor of tenancies in common, and that *in order to overcome* such presumption the language used in a grant or devise must make it *clear* that a joint tenancy was intended to be created. The words "clear" or "clearly" have a well-understood meaning. (*Jackman v. Development Co.,* 106 Kan. 59, syl. 1, 187 Pac. 258; *State, ex rel., v. Kirchner,* 182 Kan. 622, 625, 322 P. 2d 759.)

In their brief, *amici curiae* call our attention to several decisions from other jurisdictions having statutes similar to ours with respect to the creation of joint tenancies by deed and in which, despite the fact the granting and habendum clauses in deeds there under

consideration employed language similar to that contained in the granting and habendum clauses in the deed before us, it nevertheless was held that a joint tenancy was created. We note, however, that in the Missouri case the grantees in the introductory or identification clause of the deed were referred to "as joint tenants and not as tenants in common." In the Illinois case they were referred to "as joint tenants and not as tenants in common." The same is true of the New Jersey case relied on, while in the New York case in the introductory or identification clause of the deed the grantees were described as "joint tenants."

Clearly, none of those cases presents the factual situation we have before us.

It is undoubtedly true that a "close case" could be conjured up in the application of every legal principle to hypothetical facts, but it also is true that a decision of this or any other court is authority only for the exact question presented for judicial determination, and our decision in this case is to be interpreted and construed solely on the basis of the facts before us. In other words, it was merely held that the use of the words "or the survivor of either" in the introductory or identification clause of the deed in question, in view of other language of the deed set forth in detail in the opinion, did not make "it *clear* that a joint tenancy was intended to be created"—as the statute requires.

We have reconsidered the facts and our decision in this case, together with all arguments advanced in the briefs in support of the motion for rehearing, but are convinced that under the facts of this case the decision is correct and that a rehearing would serve no useful purpose.

The motion for rehearing is therefore denied.