No. 45,799

HOMER DAVIS, Administrator of the Estate of Susanna M. Graves, Deceased, *Appellant*, v. THE UNION PACIFIC RAILWAY COMPANY, Eastern Division, et al., including PERRY WALTERS, SR., Trustee under the will of Roy N. Graves, deceased, and DAMON L. FREEMAN, also known as Damon Lewis Freeman, et al., *Appellees*.

(476 P. 2d 635)

Opinion filed November 7, 1970.

*Edward J. Chapman*, of Leavenworth, argued the cause and was on the brief for the appellant.

*James N. Snyder, Jr.*, of the firm of Snyder and Snyder, of Leavenworth, argued the cause and was on the brief for appellee Damon L. Freeman.

*Joseph L. Cox*, of Tonganoxie, argued the cause and was on the brief for appellee Perry Walters, Sr., Trustee under the will of Roy N. Graves, Deceased.

The opinion of the court was delivered by

KAUL, J.: The appeal in this quiet title action once again presents to this court the familiar question whether a deed conveyed an estate in joint tenancy or tenancy in common. The issue framed requires a determination by this court of the constitutionality of K. S. A. 1969 Supp. 58-2270. If constitutional, then the further question arises concerning the application of the statute to the facts of this case.

The trial court held the statute unconstitutional, which resulted in a judgment to the effect that the deed in question created an estate in tenancy in common.

The facts are stipulated.

On May 21, 1945, the subject real estate, consisting of two separately described tracts, was conveyed by warranty deed to Roy N. Graves and Susanna M. Graves, husband and wife. The grantees were identified and described in the introductory clause of the deed, which reads as follows:

This Indenture, made this 21st day of May in the year of our Lord Nineteen Hundred and Forty Five, between H. A. Kepler and Bessie Jane Kepler (Husband and Wife) of Kansas City in the County of Wyandotte and State of Kansas of the first part, and Roy N. Graves and Susanna M. Graves (Husband and Wife), Or the Survivor of either, of Tonganoxie in the County of Leavenworth and State of Kansas of the second part."

The granting and habendum clauses, respectively, referred to the grantees as "said parties of the second part, their heirs and assigns."

Roy N. Graves died testate on December 7, 1964. His will was filed for probate and probation of his estate is now pending before the probate court of Leavenworth County. Susanna M. Graves died intestate on November 9, 1966, and the probation of her estate is also pending in Leavenworth County.

On May 6, 1964, Roy N. Graves executed his last will and testament, which was duly consented to by Susanna. There is no dispute concerning the execution of the will and Susanna's consent. By the terms of his will, Roy directed his executor to pay all of his debts, including funeral expenses, and then bequeathed and devised all of the residue of his property to Perry Walters, Sr., defendant herein, in trust for the benefit of Susanna, for and during her natural life. The trustee was directed to provide for the care, support and maintenance of Susanna and, if the net income from the trust was inadequate, the trustee was authorized and directed to use portions or all of the principal of the trust estate to properly maintain and support Susanna.

Roy's will further provided that upon the death of Susanna, and after payment of all the expenses of the administration of the trust, the trust estate should be closed and the residue to be disposed of according to specific bequests, one of which was to Damon L. Freeman, a defendant-appellee herein.

Roy N. and Susanna M. Graves, on March 27, 1964, entered into a contract for the sale of one of the two tracts of the subject real

estate. The validity of the contract is not disputed and it is agreed that this tract of real estate is subject to the rights of Lillian Slawson, Raymond Slawson and David Slawson, as purchasers under the contract.

An inventory was filed in Roy's estate in which an undivided one-half interest in the subject real estate was listed.

Following the death of Susanna, plaintiff-appellant, Homer Davis, was appointed administrator of her estate. He instituted this quiet title action against Perry Walters, Sr., Trustee under the will of Roy N. Graves, deceased, Damon L. Freeman, the recipient of a specific bequest, other beneficiaries of Roy's will; and certain other defendants not connected with the issues herein, but who apparently appeared in the chain of title.

In short, appellant claims that by reason of the provisions of K. S. A. 1969 Supp. 58-2270, the deed (1945) conveyed an estate in joint tenancy and that Susanna, as the survivor, acquired full title to the subject real estate on the death of Roy; and thus Roy's estate has no interest in the subject real estate.

On the other hand, appellees claim that under the decision of this court in *Riggs v. Snell*, (1960), 186 Kan. 355, 250 P. 2d 54, the deed in question conveyed the subject property to Roy and Susanna as tenants in common and thus Roy's estate is entitled to an undivided one-half interest in the remaining tract of real estate and in the proceeds of the sale of the tract previously sold. Appellees argue that 58-2270 is unconstitutional if applied retroactively to the date of the death of Roy N. Graves, violating the Fifth and Fourteenth Amendments to the federal constitution, in that it would deprive the defendant-trustee and the beneficiaries of the trust of their property without due process of law; and amounts to the impairment of vested rights by the unconstitutional assumption of judicial power by the legislature. Appellees further argue that even though 58-2270 is found to be constitutional, they attacked this deed within the time prescribed by the statute and gave the trial court substantial evidence to show the deed created a tenancy in common.

Following the trial below, the trial court found in pertinent part as follows:

"The Supreme Court of Kansas in the case of *Riggs v. Snell*, 186 Kan. 355, decided as a matter of judicial construction that a deed containing language identical with the language used in the deed in question in this case created a tenancy in common. However, the plaintiff contends that this court should apply the provisions of K. S. A. 58-2270 and declare that the deed in question created a joint tenancy.

"It is the opinion of this court that the deed in question at the time of its execution and delivery created a tenancy in common; that the rights of the grantees became vested upon the delivery of the deed in question; and that K. S. A. 58-2270 is unconstitutional and invalid because its effect is to impair the obligation of contracts."

On appeal appellant contends 58-2270 is constitutional and should be construed together with 58-501, *supra*, that when the language of the Graves' deed is measured by the two statutes, the result is the creation of a joint tenancy with a right of survivorship in Susanna. Appellant further claims the evidence offered by appellees in the trial below was insufficient to prove the deed created a tenancy in common under the requirements of 58-2270.

At the time of the decision in *Riggs v. Snell*, (1960), supra, G. S. 1949, 58-501, (amended in 1955, Ch. 271, § 1, now K. S. A. 58-501), insofar as pertinent to that decision read as follows:

"Real or personal property granted or devised to two or more persons including a grant or devise to a husband and wife shall create in them a tenancy in common with respect to such property unless the language used in such grant or devise makes it clear that a joint tenancy was intended to be created: *Except,* That a grant or devise to executors or trustees, as such, shall create in them a joint tenancy unless the grant or devise expressly declares otherwise. . . ."

The portion of 58-501, above quoted, remains unchanged and constitutes the portion of the statute material to the issue herein.

This court recognized the concern of members of the Bar following the decision in *Riggs v. Snell*, supra, and a rehearing (*Riggs v. Snell*, 186 Kan. 725, 352 P. 2d 1056). The result was an affirmance of the former decision.

When the *Riggs* case came before this court in 1960, the court, as then constituted, relied on the mandate of the statute requiring language clearly expressing intention to create a joint tenancy and then held that the phrase "or the survivor of either," following the names of the grantees in the introductory clause, did not make it clear that a joint tenancy was intended to be created. Previous cases in which 58-501 was given a similar construction are cited in the *Riggs* opinion.

The *Riggs* decision and that denying a motion for rehearing were unanimous and the rule therein has since been the settled law of this state with respect to the nature of an estate created by similar deeds. The same rules of law applied in *Riggs* were used in the recent case of *Spresser v. Langmade*, 199 Kan. 96, 427 P. 2d 478.

The critical language used in the identification of the grantees in

*Riggs*—"W. N. Snell and Georgia Elma Snell, his wife, *or the survivor of either*" is identical with that used in the instant deed—Roy N. Graves and Susanna M. Graves (husband and wife), *or the survivor of either.* (Emphasis supplied.)

Likewise, the reference to grantees in the granting and habendum clauses of both deeds, as "said parties of the second part, their heirs and assigns," is the same.

K. S. A. 1969 Supp. 58-2270 reads as follows:

"Any deed of conveyance affecting an interest in real estate which has been recorded in the office of register of deeds in any county of the state of Kansas prior to March 5, 1960, wherein is contained in the introductory or granting clause following the names of two (2) or more grantees, the words, 'or survivor,' or, 'or the survivor,' or, 'or the survivor of either,' or, 'or the survivor of either of them,' or, 'as joint tenants with the right of survivorship,' or, 'as joint tenants with the right of survivorship and not as tenants in common,' or, 'of the survivor of them,' is hereby declared to be a grant of an estate in joint tenancy and not tenancy in common, regardless of the fact that elsewhere within such instrument following the designated grantees or reference to such grantees is contained the words, 'their heirs and assigns': *Provided,* That any person desiring to present proof that any such deed conveyed an interest in real estate to such grantees as tenants in common shall have one year after the effective date of this act within which to file proceedings attacking such deed: *And provided further,* That infancy, incompetency, or nonresidence shall not affect the operation of this act." (Effective July 1, 1967.)

It is apparent that in enacting 58-2270 the legislature attempted to strike down the effect of the *Riggs* decision with respect to deeds recorded prior to March 5, 1960, the date of the decision. Undoubtedly, as an attempt to circumvent constitutional infirmity, the legislature added the proviso which afforded a person desiring to present proof of intention to create tenancy in common the right to file proceedings attacking a deed within a year after the effective date of the act.

Before proceeding further it should be pointed out that we are deprived of any judicial choice between prospective, retrospective or retroactive application of the statute because by its express terms application is restricted only to those deeds recorded prior to March 5, 1960. Thus the statute must be deemed purely retroactive in effect.

Appellant says that 58-2270 is a curative statute and even though necessarily retrospective in character, it may be enacted to cure or validate errors or irregularities in legal or administrative pro-

ceedings, except such as are jurisdictional or affect substantial rights. (16 Am. Jur. 2d, Constitutional Law, § 430, p. 772.)

Appellant also cites general law treating curative acts directed at real estate deeds as follows:

"It is competent for the legislature to validate imperfect or irregular deeds by enactment of curative statutes provided no vested rights are thereby disturbed. Even though such a statute is retroactive, it is constitutional, provided it does not impair vested rights or interfere with the rights of innocent third persons. Insofar, however as such statutes may impair vested rights they are unconstitutional." (23 Am. Jur 2d, Deeds, § 141, pp. 187-188.)

The principles of law stated by appellant are universally recognized. However, we are unable to apply them to the statute in this case in the manner sought by appellant.

Decisions of the court dealing with the subject are in harmony with the rules cited by appellant. The nature of curative statutes and constitutional limitations restricting the operation and effect thereof were treated in the case of *Beeler & Campbell Supply Co. v. Warren*, 151 Kan. 755, 100 P. 2d 700, wherein it was held:

"Curative statutes are necessarily retrospective in character, and may be enacted by the legislature to validate any proceeding which it might have authorized in advance or have dispensed with altogether, provided such legislation does not impair vested rights but only confirms rights already existing." (Syl. ¶ 2.)

In *Beeler* the rights affected by the statute in question were found to be rights already existing, and the confirmation thereof by curative statute was held to be constitutional. Retroactive divesting of vested private rights by statutory enactment has received different treatment.

Although there is no express constitutional provision against retrospective legislation in this state, the subject is not a new one in the reported decisions of this court.

Retrospective operation of statutes was treated at some length in the case of *State, ex rel., v. Public Service Comm.*, 135 Kan. 491, 11 P. 2d 999, wherein the reparations act of 1929 (Laws of 1929, Chapter 223), as enacted, affected shipping contracts between shippers and common carriers. It was held invalid insofar as its retroactive aspects violated the provision of the federal constitution which forbids the state to pass any law impairing the obligation of contracts. The act was said to have been expressly designed in text and terms to disturb vested rights and to deprive carriers of their property without due process of law, and therefore was un-

constitutional and void. In the text of the opinion Justice Dawson speaking for the court reviewed many of the early Kansas cases dealing with the subject of retrospective legislation. Insofar as pertinent to the instant case the rule was stated to be:

". . . retrospective legislation which attempts to impair vested rights or deprive a private litigant of a right he had at the time the later statute was enacted cannot be enforced. (*Richards v. Comm'rs of Wyandotte Co.,* 28 Kan. 326, 331; *Barrett v. Montgomery County,* 109 Kan. 685, 201 Pac. 1098; *Serrault v. Price,* 125 Kan. 548, 265 Pac. 548; *Almquist v. Johnson,* 130 Kan. 417, 286 Pac. 217.)" (p. 503.)

The rule stated in *State, ex rel., v. Public Service Comm.,* supra, is recognized in a number of later cases including *International Mortgage Trust Co. v. Henry,* 139 Kan. 154, 30 P 2d 311; and *Ellis v. Kroger Grocery Co.,* 159 Kan. 213, 152 P. 2d 860. See, also, *Wyandotte County Comm'rs v. General Securities Corp.,* 157 Kan. 64, 138 P. 2d 479; and *Beeler & Campbell Supply Co. v. Warren,* supra.

All of the events relating to the devolution of title to the subject real estate occurred prior to the enactment of the statute in question. The rights of appellees in the subject property became vested on the death of Roy N. Graves on December 7, 1965. (*In re Estate of Countryman,* 203 Kan. 731, 457 P. 2d 53; *Riling, Executor v. Cain,* 199 Kan. 259, 428 P. 2d 789; *Peterson v. Peterson,* 173 Kan. 636, 251 P. 2d 221; and *Magaw v. Emick,* 167 Kan. 580, 207 P. 2d 488.)

In the case of *Cress v. Hamnett,* 144 Kan. 128, 58 P. 2d 61, the court was confronted with the application of the forerunner of 58-501, *supra,* (Laws of 1891, Ch. 203, § 1, R. S. 1923, 22-132), to a deed executed less than a month prior to the effective date of the statute. The subject land was conveyed to George S. Crary, conditioned that if he died without issue the estate passed in fee simple to Martha Crary and Abigail Cress. The court first determined that George S. Crary took a fee simple defeasible, and Martha Crary and Abigail Cress took a joint estate in an executory interest. The holding in the decision was effectively recapitulated in paragraph two of the syllabus:

"The deed became effective April 11, 1891. The statute converting joint tenancies into tenancies in common became effective May 20, 1891. Abigail Cress died in 1933, leaving heirs. George S. Crary died, without issue, in July, 1935. *Held,* on the death of George S. Crary, Martha Crary took the entire estate, and the heirs of Abigail Cress took nothing."

In the body of the opinion Chief Justice Burch speaking for the court described the rights of Martha Crary and Abigail Cress as follows:

". . . The nature of the interest each one would take, if she did take, was fixed by the deed, and the legislature was powerless by subsequent act to deprive either one of any element of the interest created by the deed." (p. 131.)

Further in the opinion the court noted:

". . . there is not the slightest indication the statute was intended to be retroactive, and the statute operated to destroy survivorship under instruments, in form creating joint tenancies, executed after the statute was enacted and not otherwise." (p. 132.)

The 1891 act, unlike the statute before us, did not direct retroactive application and the court, as it was bound to do, avoided constitutional fault by limiting the act to prospective operation.

A similar application of the act of 1891 was given to a preexisting estate in entirety in the case of *Holmes v. Holmes,* 70 Kan. 892, 79 Pac. 163.

In further support of their position, appellees assert that the enactment of 58-2270, *supra,* amounts to encroachment of legislative upon judicial power. Appellees' position in this regard is fully supported by the decision of this court in *Wyandotte County Comm'rs v. General Securities Corp.,* supra, wherein it was held:

"House bill 168 enacted by the 1943 legislature is unconstitutional as an encroachment of judicial powers in that it purports to direct the judiciary in the interpretation of existing statutes." (Syl. ¶ 5.)

In the opinion the court cites with approval the rule stated in Cooley's Constitutional Limitations, 8th ed., 183, 184, 191, which we quote in pertinent part:

" 'As the legislature cannot set aside the construction of the law already applied by the courts to actual cases, neither can it compel the courts for the future to adopt a particular construction of a law which the legislature permits to remain in force. "To declare what the law is, or has been is a judicial power; to declare what the law shall be is legislative. . . ." ' ". (p. 76.)

In an excellent work dealing with the entire subject of retroactive legislation affecting interest in land, the author speaks to the specific problem encountered when a legislature attempts to repeal or amend an existing statute which has abolished the common-law presumption favoring joint tenancies. We quote:

"The Effect of Repeal of a Statute.

"If any of the legislatures should repeal or amend the existing statutes so that the common-law presumption would again operate (an event which is unlikely to occur), the objections on constitutional grounds to the retroactive operation of the repeal or amendatory acts would be much more cogent than the objections to the retroactive operation of the statutes which abolished the presumption. A real and substantial burden would be imposed on the tenants if the common-law presumption were allowed to operate on their estate to make into a joint tenancy what had been a tenancy in common under the statute. The living tenants would have just grounds for complaint if they were compelled to take steps to prevent the operation of the incident of survivorship, and the heirs of deceased tenants, whose interests were destroyed by the survivorship, would have even more reason to complain of a deprivation of property without due process." (Michigan Legal Studies, Retroactive Legislation affecting Interest in land by Scurlock, at page 327.)

Under the deed in question, Roy N. Graves and Susanna M. Graves acquired vested rights in the subject property as tenants in common. On the death of Roy N. Graves appellees succeeded to a vested right in his undivided one-half interest as a tenant in common. The vested rights of appellees cannot be impaired or divested by the assumption of judicial power by the legislature in the enactment of retroactive legislation.

In view of our disposition of this appeal, other points raised by appellant do not require consideration.

The judgment is affirmed.