565 P.2d 887

COUNTY OF COCHISE, a body politic, Appellant,

v.

PIONEER NATIONAL TITLE INSURANCE COMPANY, Trustee under Trusts No. 218413 and No. 10662 and Lloyd Fuller, Appellees.

No. 2 CA–CIV 2197.

Court of Appeals of Arizona, Div. II.

Feb. 16, 1977.

Beverly H. Jenney, Cochise County Atty., Richard J. Riley, Former Cochise County Atty., Bisbee, for appellant.

Gentry, McNulty, Borowiec, Hewlett & Desens by Matthew W. Borowiec, Bisbee, for appellees.

## OPINION

RICHMOND, Judge.

The County of Cochise instituted an action for a permanent injunction commanding appellees to remove a barricade or fence from Garden Avenue, which is located in the vicinity of Sierra Vista. The county claims that Garden Avenue is a duly declared and established county road. On March 8, 1974, a show cause hearing was held, but the court deferred ruling until additional witnesses could be heard. In July, 1974, appellees filed a motion for summary judgment. By letter dated October 8, 1975, counsel were advised that the case was set for trial on February 4, 1976. At trial, exhibits and depositions were received in evidence and the county called one witness. The court subsequently entered judgment in favor of appellees, and this appeal followed.

In 1911, J. S. McNeish, then the Cochise County surveyor, submitted to the board of supervisors a map purporting to show the location of county roads from Don Luis to the Huachuca Mountains by way of Hereford. The map was approved by the board of supervisors and placed on file in the county recorder's office. It is not clear whether the original or a copy was recorded in Book # 1 of Maps, but another map was labeled Map No. 110. The former, however, depicts a road located within the Fort Huachuca Military Reservation while the latter reveals a road running outside the fort's boundary. The area presently in question was designated sections 10 and 11, and at the time of the recording was owned by the United States of America.

In 1915, a patent covering the subject real property was issued by the United

States to the Santa Fe Pacific Railroad Company, appellees' predecessor in interest.[1] Since that time, title has remained continuously in the hands of private interests. In August or September of 1971, Cochise County graded a portion of appellees' real property (which the county claims was the original roadway, although no longer used) and cut a road parallel to the Fort Huachuca boundary. In January or February of 1974, appellee Lloyd Fuller placed fences across the road on the northern boundary of section 10 and the southern boundary of section 11.

■ Cochise County has raised two questions for our review. We believe that neither has merit and therefore affirm. The county's initial contention is that appellees were not entitled to summary judgment, and no trial on the merits has been held. The county claims that the proceeding of February 4, 1976, was a hearing on the motion for summary judgment, and attempts to bolster its position by arguing that there was neither notice of trial, pretrial conference, opportunity to request an advisory jury, nor consolidation of the hearing on the motion with a trial on the merits.

The letter of October 8, 1975, to the attorneys for the parties clearly stated:

"Let the record further show that the case of *Cochise County vs. Pioneer Title Ins.* is also set for trial before the Court at 10:00 A.M. on Wednesday, February 4, 1976."

The minute entry of February 4, 1976, states that the cause ". . . came on

regularly this date for trial," and also reflects that "Counsel announced ready to proceed." The reporter's transcript supports the minute entry in the latter regard. The county presented a witness, a practice inconsistent with a motion for summary judgment. The county had notice of the trial setting, failed to exercise its right to request an advisory jury, and participated in the trial without objection.[2]

Cochise County's second contention is that the trial court's findings were erroneous, as the requirements of A.R.S. § 18–152 (repealed Laws 1973) had been met and the road was a public highway. The county argues that there was an attempt to establish a highway outside Fort Huachuca in 1911, and that it was used for two years prior to 1927 in compliance with § 18–152.[3] Appellees, on the other hand, contend that a curative statute cannot correct defects in an attempted establishment of a road after the land in question has come into private ownership by virtue of a federal patent.

■ The trial court found as a fact that there was only one road in the vicinity of the Fort Huachuca boundary, and that it was located primarily within the fort. The court concluded that the attempted establishment of the road was defective under the then applicable law, Paragraph 3972 of the Civil Code of 1901, and that a subsequent curative statute could not divest appellees and their predecessors in interest of the property. We agree.

1. Pioneer National Title Insurance Company, as Trustee under Trust No. 218413, is the record title owner of the real property, and Pioneer National Title Insurance Company, as Trustee under Trust No. 10662, is the equitable owner by virtue of a contract for sale between the trusts, in which Trust No. 10662 is the purchaser. Appellee Lloyd Fuller is one of the beneficiaries under Trust No. 218413, and the sole beneficiary under the purchasing trust, No. 10662.

2. The judgment also refers to the February 4 proceeding as a trial.

3. A.R.S. § 18–152(A) (repealed Laws 1973) provided:

"A. All highways constructed, laid out, opened or established prior to August 12, 1927 as public highways by the territory or state, or by a board of supervisors or legal subdivision of the state, and which have been used continuously by the public as thoroughfares for free travel and passage for two years or more, regardless of any error, defect or omission in the proceeding to establish the highways, or in recording of the proceedings, and all highways established pursuant to law, are declared public highways sixty-six feet wide, unless the width thereof is otherwise specified."

■ The act of Congress of 1866, section 2477, Rev.St., now known as 43 U.S.C. § 932, declared that a right-of-way be granted for the construction of highways over public lands not reserved for public uses. This section, however, will not be construed to grant rights-of-way and establish highways contrary to the laws of the state or territory in which the lands affected are located. *Tucson Con. Copper Co. v. Reese*, 12 Ariz. 226, 100 P. 777 (1909); *State v. Crawford*, 7 Ariz.App. 551, 441 P.2d 586 (1968).

In the present case, whether the road in question was actually within or without the Fort Huachuca boundary, it is evident that it lay on federal land. The distinction is that a road within Fort Huachuca lies on federal property reserved for public uses and therefore falls outside the scope of R.S. § 2477. The trial court did not base its decision on this distinction, however. Rather, it looked to the law in Arizona at the time of the alleged establishment of the road to see if there had been compliance with the applicable laws.

■ Paragraph 3972 of the Civil Code of 1901 provided, inter alia, that the board of supervisors might lay out or change a public road on the petition of ten or more resident taxpayers within the county. It further provided that after the preliminary steps had been taken as required, the board of supervisors must have declared the location to be a public highway and caused notice of such action to be served upon the road overseer of the district in which the road was located. In order for there to be a public highway, the right-of-way for which is granted by the federal act, the highway must be established in strict compliance with the provisions of the Arizona law. *State v. Crawford*, supra. See also, *State ex rel. Herman v. Cardon*, 112 Ariz. 548, 544 P.2d 657 (1976).

■ Cochise County concedes that the board of supervisors failed to take those steps necessary to comply fully with Arizona law regarding the establishment of highways in 1911, yet claims that any defect was corrected in 1927 by the enactment of A.R.S. § 18–152 (repealed Laws 1973). This contention ignores the fact that the subject real property was transferred to private ownership by virtue of a 1915 patent, which has been described as the highest evidence of title. *State v. Crawford*, supra. Although curative statutes are necessarily retrospective in nature, it is well settled that such a statute may not impair vested rights. *Orme v. Salt River Valley Etc. Assn.*, 25 Ariz. 324, 217 P. 935 (1923); *Davis v. Union Pacific Railway Company*, 206 Kan. 40, 476 P.2d 635 (1970); *Addison v. Fleenor*, 65 Wyo. 119, 196 P.2d 991 (1948). It is our opinion that Cochise County failed to properly establish a roadway in 1911, and that § 18–152 could not cure any defect in the establishment proceedings, because intervening rights had vested by virtue of the federal patent granted in 1915. Title passed at that time to appellees' predecessors in interest without reservation of any roadway because none had been legally established under Arizona law. Thereafter there was nothing left to cure.

The judgment is affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.